THEODORE J. KURTZ
Nevada Bar No. 1344
SELMAN BREITMAN LLP
3980 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89169
Telephone: (702) 228-7717
Facsimile: (702) 228-8824
E-Mail:  tkurtz@selmanbreitman.com

Attorneys for Plaintiff
COLONY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>DANIEL WARTENBERG; and ALLA WARTENBERG,<br><br>           Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

   Plaintiff Colony Insurance Company (hereinafter "Colony"), hereby makes its complaint against defendants Daniel and Alla Wartenberg (hereinafter "Wartenbergs").

I.   **NATURE OF ACTION**

   1.   This is an insurance coverage action seeking declaratory relief pursuant to 28 United States Code Sections 2201 and 2202. Colony seeks a determination of the parties' rights and obligations under a builders risk insurance policy issued by Colony in regards to property damage to the

1

Wartenbergs' home during construction. A copy of the Colony policy is attached hereto as Exhibit 1. Disputes exist between the parties regarding whether there is coverage under the Colony policy for the losses and damages reported by the Wartenbergs. Accordingly, Colony seeks a declaration regarding whether or not the Colony policy, Exhibit 1, applies to the losses and damages reported by the Wartenbergs.

## II.  PARTIES

2. Plaintiff Colony is an insurance company organized and existing under the laws of the State of Virginia, with its home office in Virginia.

3. The Wartenbergs are residents of Henderson, Nevada.

## III. JURISDICTION AND VENUE

4. This declaratory judgment action is brought pursuant to 28 United States Code Sections 2201 and 2202, and Federal Rules of Civil Procedure 57.

5. An actual justiciable controversy exists between plaintiff Colony and the Wartenbergs within the meaning of 28 United States Code Section 2201 regarding the scope and extent of insurance coverage provided under the Colony policy, as more particularly described below.

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See Exhibit 2 which describes the losses reported by the Wartenbergs and includes an estimate of the cost of repair totaling $986,831.03.

7. This court has diversity jurisdiction pursuant to 28 United States Code Section 1332(a)(1).

8. Venue is proper in this court pursuant to 28 United States Codes Section 1391(a)(1) because the Wartenbergs reside in this district.

**IV.  DEFENDANTS' REPORTED LOSSES**

9. In late 2004, the Wartenbergs began excavation for the construction of their home at 11 Anthem Pointe Court, Henderson, Nevada 89014.

10. In March 2005, the Wartenbergs entered into a contract with WestPoint Development Group, Inc. to be the general contractor for the construction of the Wartenbergs' home at 11 Anthem Pointe Court which included a one year warranty.

11. The general contractor, WestPoint, subcontracted with Executive Painting, LLC, to prepare the interior walls of the Wartenberg home for painting and to paint the interior walls.

12. The Wartenbergs independently purchased a custom aquatic Jacuzzi tub and a Kohler Sok tub and then contracted directly with All Seasons Interior and Exterior Maintenance, Inc., dba Great Basin Plumbing and Mechanical, Inc. to install these tubs in their home at 11 Anthem Pointe Court.

13. The Wartenbergs independently purchased a marble slab and then contracted directly with Precise Stone Creations, LLC for the installation of the marble slab around the fireplace in the family room of their home at 11 Anthem Pointe Court.

14. Executive Painting, during the performance of their subcontract with WestPoint Development, from approximately March to August 2009, caused damage to the Wartenbergs' home at 11 Anthem Pointe Court which included, but is not necessarily

limited to, floors, windows, doors, door jambs, cabinet doors, stairs, countertops, and the HVAC system.

15. Attached hereto as Exhibit 3 is a copy of an Affidavit from Cindy Shearer who is the manager of the general contractor, WestPoint, which describes some of the damage caused by Executive Painting.

16. The damage caused by Executive Painting was the result of faulty workmanship, including, but not limited to, overspray, the lack of proper protective measures by Executive Painting in placing scaffolding, lights, movement of tools, and the unauthorized and improper operation of the HVAC system while Executive Painting was sanding the interior walls and painting the interior walls of the Wartenberg home.

17. Great Basin Plumbing damaged the aquatic Jacuzzi tub and the Kohler Sok tub during Great Basin's installation of these two tubs. Attached hereto as Exhibit 4 is an affidavit of Cindy Shearer, the manager of the general contractor, WestPoint, which describes damage caused by Great Basin Plumbing.

18. The damage caused by Great Basin Plumbing to the aquatic Jacuzzi tub and the Kohler Sok tub during the installation of these two tubs by Great Basin was the result of faulty workmanship by Great Basin Plumbing.

19. Precise Stone damaged the marble slab that Precise Stone was to install in accordance with its contract with the Wartenbergs.

20. Exhibit 5 describes and depicts the damage caused by Precise Stone.

4

21. The damage caused by Precise Stone was the result of faulty workmanship by Precise Stone.

22. All of the damage reported by the Wartenbergs pertaining to their home at 11 Anthem Pointe Court for which they seek coverage under the Colony policy attached hereto as Exhibit 1 was caused by faulty workmanship.

23. There was no peril separate from and in addition to the peril of faulty workmanship that was a cause of the damage reported by the Wartenbergs in regard to their home at 11 Anthem Pointe Court and for which they seek coverage under the Colony policy.

24. The Wartenbergs are seeking coverage under the Colony policy for the damages and the amount of the estimated repair cost described in Exhibit 2 attached hereto, and are seeking coverage for the damage to the HVAC system for which no estimated cost to repair is included on Exhibit 2.

25. The Colony policy does not provide coverage for damage caused by faulty workmanship.

26. A certificate of occupancy for the home at 11 Anthem Pointe Court was issued in July 2009.

27. The Wartenbergs moved into the home at 11 Anthem Pointe Court in January 2010.

## V. THE COLONY POLICY

28. Colony Insurance Company issued a builders risk policy to Daniel Wartenberg which incepted on January 4, 2009. The policy was cancelled effective September 4, 2009.

29. As previously stated, a copy of the Colony policy is

attached hereto as Exhibit 1 and is incorporated herein by reference.

30. Colony asserts all of the terms and conditions contained in the Colony policy attached hereto as Exhibit 1.

31. Without waiving any terms or conditions of the Colony policy attached hereto as Exhibit 1, the Colony policy provides in relevant part:

> **COMMERCIAL INLAND MARINE CONDITIONS**
>
> C.  **Duties In The Event Of Loss**
>
>     4.  Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.
>
> F.  **Other Insurance**
>
>     1.  You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.
>
>     2.  If there is other insurance covering the same loss or damage, other than that described in 1. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.
>
> **BUILDERS RISK COVERAGE FORM**
>
> **(Commercial Inland Marine)**

A.  **COVERAGE**

We will pay for direct physical loss or damage to Covered Property from any of the Covered Causes of Loss

1.  COVERED PROPERTY

    Covered Property, as used in this Coverage, means the type of property described in this Section, A.1., and limited in A.2, PROPERTY NOT COVERED, if a Limit of Insurance is shown in the Declarations for that type of property.

    a.  **Building Under Construction**, meaning the building or structure described in the Declarations while in the course of construction,

B.  **EXCLUSIONS**

2.  We will not pay for loss or damage caused by or resulting from any of the following. If another loss that we cover results, we will pay for that resulting loss or damage.

    b.  Faulty, inadequate or defective:

        (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction;

4.  We will not pay for loss or damage caused directly or indirectly by:

    k.  Delay, loss of use or loss of market; penalties for non-completion or non-compliance with contract conditions, or any other consequential loss or damage;

G.  **IMPAIRMENT OF RECOVERY**

If any act or agreement of yours, before or after a loss, impairs your right to recover from others, we will not cover the loss or damage. We will not cover

82022.1 728.31749

> any loss or damage which you settle or compromise without our written consent.
>
> However, before a loss you may waive any right of recovery against any party for loss or damage covered by this Policy, if such waiver is in writing except:
>
> 1. You may not waive your rights against any contractor, manufacturer or supplier for loss or damage to Covered Property which is subjected to any guarantee or warranty (expressed or implied) by a contractor, manufacturer or supplier. This applies whether or not such contractor, manufacturer or supplier is covered under this Policy; and ....

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

32. Colony hereby incorporates and realleges the allegations contained in paragraphs 1-31 as if fully set forth herein.

33. There exists a genuine and bona fide dispute, and an actual controversy and disagreement between Colony and the Wartenbergs regarding whether the Colony policy provides coverage for the losses reported by the Wartenbergs.

34. Pursuant to 28 United States Code Sections 2201 and 2202, and Federal Rules of Civil Procedure 57, Colony in good faith requests that the court declare the following:

   a. The damages described in Exhibit 2 attached hereto and the damages to the HVAC system were the result of faulty workmanship.

   b. There was no peril separate from and in addition to the peril of faulty workmanship which was the cause of the

damages described in Exhibit 2 attached hereto and the damages to the HVAC system.

 c. There is no coverage under the Colony policy attached hereto as Exhibit 1 for the damages described in Exhibit 2 attached hereto or for the damages to the HVAC system.

35. Plaintiff demands a trial by jury of all issues triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Colony Insurance Company prays as follows:

1. For a declaration that the Colony policy does not provide coverage for any of the damages described in Exhibit 2 attached hereto, or the damage to the HVAC system.

2. For such other and further relief that this court may deem just and proper.

DATED: December 20, 2011 SELMAN BREITMAN LLP

By: _____
THEODORE J. KURTZ
Nevada Bar No. 1344
3980 Howard Hughes Parkway, #400
Las Vegas, NV 89169
Telephone: (702) 228-7717
Facsimile: (702) 228-8824
Attorneys for Plaintiff
COLONY INSURANCE COMPANY