KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 002798
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV 89169
Telephone: 702-862-3300
Facsimile: 702-737-7705
E-mail: krs@jonesvargas.com
            cflynn@jonesvargas.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

COLONY INSURANCE COMPANY,

                    Plaintiff,

vs.

DANIEL WARTENBERG; and ALLA
WARTENBERG,

                    Defendants.

Case No. 2:11-CV-02041-JCM-VCF

**DEFENDANTS' ANSWER TO
COMPLAINT FOR DECLARATORY
RELIEF AND COUNTERCLAIM**

**JURY DEMAND**

Defendants Daniel Wartenberg and Alla Wartenberg ("Defendants"), by and through their attorneys, Jones Vargas, for their Answer to Plaintiff Colony Insurance Company's ("Plaintiff") Complaint for Declaratory Relief, admit, deny, and allege as follows:

## I.

### Nature of Action

1.      Answering paragraph 1 of the Complaint, Defendants state that sentence one of the paragraph contains legal conclusions that do not require a response.  Defendants further state that Paragraph 1 of the Complaint references insurance policy no. IM136028 (the "Policy") issued by Plaintiff Colony Insurance Company ("Plaintiff"), which is a document that speaks for itself.  As to all remaining allegations in the paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

## II.

JONES VARGAS
3773 Howard Hughes Parkway · Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

**Parties**

2.     Answering paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

3.     Answering paragraph 3 of the Complaint, Defendants admit the allegations.

**III.**

**Jurisdiction and Venue**

4.     Answering paragraph 4 of the Complaint, Defendants state that the paragraph contains legal conclusions that do not require a response.  Notwithstanding, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same.

5.     Answering paragraph 5 of the Complaint, Defendants state that the paragraph contains legal conclusions that do not require a response.  Notwithstanding, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same.

6.     Answering paragraph 6 of the Complaint, Defendants state that the paragraph contains legal conclusions that do not require a response.  Notwithstanding, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same.

7.     Answering paragraph 7 of the Complaint, Defendants state that the paragraph contains legal conclusions that do not require a response.  Notwithstanding, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same.

8.     Answering paragraph 8 of the Complaint, Defendants state that the paragraph contains legal conclusions that do not require a response.  Notwithstanding, Defendants state that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same.

**IV.**

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

**Defendants' Reported Losses**

9.    Answering paragraph 9 of the Complaint, Defendants admit the allegations.

10.    Answering paragraph 10 of the Complaint, Defendants admit only the existence of a contract with WestPoint Development Group, Inc.  As to the remaining allegations, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

11.    Answering paragraph 11 of the Complaint, Defendants admit the allegations.

12.    Answering paragraph 12 of the Complaint, Defendants admit only that they independently purchased a custom Aquatic Millennium Tub and a Kohler Sok Tub. The Defendants deny the remaining allegations.

13.    Answering paragraph 13 of the Complaint, Defendants admit that they purchased multiple marble slabs, and not just a singular marble slab as the paragraph alleges.   As to the remaining allegations, Defendants admit the allegations.

14.    Answering paragraph 14 of the Complaint, Defendants admit the allegations.

15.    Answering paragraph 15 of the Complaint, Defendants state that the Affidavit of Cindy Shearer is a document that speaks for itself.   To the extent any response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

16.    Answering paragraph 16 of the Complaint, Defendants deny the allegations.

17.    Answering paragraph 17 of the Complaint, Defendants admit the allegations contained in the first sentence.  To the extent Paragraph 17 refers to an Affidavit of Cindy Shearer in the second sentence, Defendants state that the Affidavit is a document that speaks for itself.  To the extent any response is required to the second sentence, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

18.    Answering paragraph 18 of the Complaint, Defendants deny the allegations.

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

19.   Answering paragraph 19 of the Complaint, Defendants admit that Precise Stone damaged multiple marble slabs, and not a singular marble slab as the paragraph alleges.  As to the remaining allegations, Defendants admit the allegations.

20.   Answering paragraph 20 of the Complaint, Defendants state that Exhibit 5 contains documents that speak for themselves.   To the extent Paragraph 20 contains any allegations, Defendants state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

21.   Answering paragraph 21 of the Complaint, deny the allegations.

22.   Answering paragraph 22 of the Complaint, Defendants deny the allegations.

23.   Answering paragraph 23 of the Complaint, Defendants deny the allegations.

24.   Answering paragraph 24 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

25.   Answering paragraph 25 of the Complaint, Defendants state that the Policy is a document that speaks for itself.  To the extent any response is required, Defendants refer the Court to the Policy itself for the terms and conditions contained therein.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

26.   Answering paragraph 26 of the Complaint, Defendants admit the allegations.

27.   Answering paragraph 27 of the Complaint, Defendants admit the allegations.

## V.

### The Colony Policy

28.   Answering paragraph 28 of the Complaint, Defendants admits only that Plaintiff issued a builders risk policy to the Defendants.  Defendants state that the Policy is a document that speaks for itself.  To the extent any response is required, Defendants refer the Court to the Policy itself for the terms and conditions contained therein.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

29.     Answering paragraph 29 of the Complaint, Defendants state that the Policy is a document that speaks for itself.  To the extent any response is required, Defendants refer the Court to the Policy itself for the terms and conditions contained therein.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

30.     Answering paragraph 30 of the Complaint, Defendants state that the Policy is a document that speaks for itself.  To the extent any response is required, Defendants refer the Court to the Policy itself for the terms and conditions contained therein.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

31.     Answering paragraph 31 of the Complaint, Defendants state that the Policy is a document that speaks for itself.  To the extent any response is required, Defendants refer the Court to the Policy itself for the terms and conditions contained therein.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

## FIRST CAUSE OF ACTION DECLARATORY RELIEF

32.     Answering paragraph 32 of the Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33.     Answering paragraph 33 of the Complaint, Defendants deny the allegations contained therein.

34.     Answering paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

35.     Answering paragraph 35 of the Complaint, Defendants state that the paragraph contains legal conclusions that do not require a response.  Notwithstanding, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same.

. . .

. . .

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from claiming the relief sought because, among other things, the Defendants detrimentally relied on the Plaintiff's representations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief on the grounds that it has acted in bad faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief on the grounds that it would be unjustly enriched by a declaration by this Court that there is no coverage.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief on the grounds that it has waived its right to assert there is no coverage under the Policy because it did not make a proper and/or timely reservation of rights.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to perform all duties and satisfy all conditions precedent required by the Policy that is the subject of the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in its Complaint based upon the provisions, terms, and conditions of the Policy.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief on the grounds that is has breached its contract with Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief on the grounds that it has breached the implied covenant of good faith and fair dealing in its contract with Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from the relief sought on the grounds that Plaintiff's interpretation of the Policy provisions and/or exclusions at issue render the Policy illusory.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join indispensable parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants assert all affirmative defenses under Fed. R. Civ. P. 8(c), and any other defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve their right to amend this Answer, to assert additional affirmative defenses, and to supplement, alter, or change this Answer and defenses upon revelation of more definitive facts, and/or upon discovery and investigation in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing by reason of the Complaint on file herein;

2.    That Defendants recover costs and attorneys' fees incurred herein;

3.    For such and further relief as the Court may deem just and proper under the circumstances.

**COUNTERCLAIM**

Counterclaimants Daniel Wartenberg ("Mr. Wartenberg") and Alla Wartenberg ("Mrs. Wartenberg," and together with Mr. Wartenberg, the "Wartenbergs") hereby allege and complain against Counterdefendant Colony Insurance Company ("Colony") as follows, and demand trial by jury of its claims:

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300  Fax: (702) 737-7705

**PARTIES**

1.     That all times relevant hereto, the Wartenbergs were residents of Clark County, Nevada.

2.     The Wartenbergs are informed and believe, and therefore allege, that at all times relevant hereto, Colony was an insurance company organized and existing under the laws of the State of Virginia.

**FACTS COMMON TO ALL CLAIMS**

3.     In approximately 2004, the Wartenbergs began construction of their dream home located at 11 Anthem Pointe Court, Henderson, NV 89052 (the "Anthem Property").

4.     In approximately 2005, the Wartenbergs directly contracted with WestPoint Development Group, Inc. ("WestPoint") to serve as the general contractor for construction of the Anthem Property.

5.     In approximately December, 2006, WestPoint directly contracted with Northern Mechanical, Inc. ("Northern Mechanical") to supply and install an HVAC system at the Anthem Property.  The HVAC system was installed and passed an initial start-up in approximately January, 2009.

6.     In approximately December, 2006, WestPoint directly contracted with All Seasons Interior and Exterior Maintenance, Inc. d/b/a Great Basin Plumbing and Mechanical, Inc. ("Great Basin Plumbing") to install an Aquatic Millennium Tub and a Kohler Sok Tub that had been independently purchased and owned by the Wartenbergs.

7.     In approximately 2006, the Wartenbergs directly contracted Waters By Design, Inc. to construct a copper water wall at the Anthem Property.

8.     Between approximately 2007 and 2009, the Wartenbergs directly purchased several items for the Anthem Property, including not limited to, a custom door frame and glass for the front

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

Jones Vargas
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

of the Anthem Property, custom doors, custom door jambs, two Hat Box Kohler toilets, two toilet lids, a stainless steel sink, an Aquatic Millennium Tub, a Kohler Sok Tub, smoke detectors, copper mosaic, granite slabs, marble slabs, and Vantage lighting controls.

9.      In approximately February, 2007, WestPoint directly contracted Pro Glass & Paint, Inc. to install a custom door frame and glass for the front of the Anthem Property, and a glass floor for the lounge.

10.     In approximately October, 2007, the Wartenbergs directly contracted with Europa Stairways, LLC, to supply and install four custom staircases for the Anthem Property.

11.     In approximately November, 2008, the Wartenbergs directly contracted to have kitchen cabinets and cabinet doors custom built using exotic wood materials purchased by the Wartenbergs.  The installation of the custom kitchen cabinets was completed in approximately December, 2008, and exotic wood kitchen cabinet doors were installed in approximately July, 2009.

12.     In approximately November, 2008, the Wartenbergs directly contracted for two stainless steel countertops to be used for the main kitchen.  The stainless steel countertops were completed in approximately June, 2009.

13.     In 2009, WestPoint directly contracted with Executive Painting, LLC ("Executive Painting"), to prepare and paint the interior walls of the Anthem Property.

14.     In 2009, the Wartenbergs directly contracted with Precise Stone Creations, LLC ("Precise Stone Creations") to install "Route-66" marble slabs, which had been independently purchased by the Wartenbergs, on a fireplace at the Anthem Property.

15.     Between April, 2009, and August, 2009, Executive Painting, during the course of its contractual painting duties with WestPoint, caused severe damage to the Anthem Property.  This damage included, but is not limited to, custom kitchen cabinet doors, toilet lids, toilet motor, smoke detectors, fire sprinklers, HVAC system, Vantage lighting controls, custom stairs, stainless steel

sink, door frame, copper water wall, copper mosaic, granite countertops, stainless steel countertops, glass floor, art glass in a custom door, custom doors, and custom door jambs.

16.     Between June, 2009, and July, 2009, Great Basin Plumbing, during the course of its contractual plumbing duties with WestPoint, caused severe and irreparable damage to the Aquatic Millennium Tub and Kohler Sok Tub.

17.     In August, 2009, Precise Stone Creations, during the course of its contractual duties of fabricating, transporting, or installing the marble slabs, caused severe and irreparable damage to the marble slabs.

18.     In November, 2009, WestPoint informed Mrs. Wartenbergs that it filed a claim for the damages caused by Executive Painting with its insurer, Liberty Surplus Insurance Corporation ("Liberty").

19.     On November 20, 2009, Liberty denied the claim.

20.     In December, 2009, Mrs. Wartenberg informed Colony, through her insurance broker Woods & Associates, of the damage caused by Executive Painting to the Anthem Property to the copper water wall.  Thereafter, Colony opened Claim No. 182294 and assigned Richard Effertz as a claim examiner.

21.     On or about December, 21, 2009, Mrs. Wartenberg informed Colony, through Richard Effertz, of other extensive damage, in addition to the copper water wall, to the Anthem Property caused by Executive Painting and Great Basin Plumbing.

22.     On or about December 29, 2009, Colony approved Claim No. 182294 in the amount of $21,754.75 for repair of the copper water, and as a result of this approval, Colony sent a check for this amount to the Wartenbergs.  This amount was paid after subtracting $5,000 for a deductible.

23.     On or about January 19, 2010, WestPoint requested Mrs. Wartenberg to assist WestPoint in informing Liberty of the damages to the Anthem Property.  Pursuant to WestPoint's

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

request, Mrs. Wartenberg informed Liberty of the extensive damage caused to the Anthem Property.

24.    On or about January 21, 2010, Colony informed Mrs. Wartenberg that it had sent executed Liberty's release for the damaged copper water wall, and that a refund check for $5,000 would be forthcoming.

25.    On January 25, 2010, a claims adjuster from Liberty conducted an inspection of the damages to the Anthem Property.

26.    On February 4, 2010, Colony issued a check to the Wartenbergs in the amount of $5,000 for a deductible refund on Claim No. 182294.

27.    On March 9, 2010, Mrs. Wartenberg provided detailed information to Gary Wood, her insurance broker, in order to make a claim to Colony for "additional damages" to the Anthem Property.

28.    On March 9, 2010, Gary Wood acknowledged that he had forwarded the claim information to Colony.

29.    On April 9, 2010, Ken Linden, a claims adjuster for Colony, inspected the "additional damages" at the Anthem Property.

30.    On or about April 12, 2010, Ken Linden requested and received copies of the contracts for Executive Painting and Great Basin Plumbing.

31.    On April 12, 2010, Cindy Shearer of WestPoint signed two Affidavits detailing the damages caused to the Anthem Property by Executive Painting and Great Basin Plumbing.

32.    On April 23, 2010, Mrs. Wartenberg contacted Ken Linden to inquire into whether Colony needed additional information to process the claim.

33.    On April 23, 2010, Ken Linden informed Mrs. Wartenberg that he had spoken to Bryant Wilcox at Colony and that no further information was needed.

34.    On or about May 10, 2010, Bryant Wilcox informed Mrs. Wartenberg that all

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

damaged items, except for the Aquatic Millennium Tub, had been approved by Colony under the Policy. Bryant Wilcox stated that there were two remaining unresolved issues on the claims. The first issue involved whether there was coverage to the Aquatic Millennium Tub due to the fact that it was damaged by Great Basin Plumbing during the installation. Bryant Wilcox indicated a legal opinion was needed to determine if the Policy exclusions for "your work" or "faulty workmanship" applied to the Aquatic Millennium Tub. Bryant Wilcox stated that the resulting damages for the Aquatic Millennium Tub were undisputed and had already been approved by Colony as covered under the Policy. The second issue involved the number of occurrences under the Policy. Bryant Wilcox also indicated that a legal opinion was needed as to this issue. Colony ultimately processed the "additional damages" as two claims. Claim No. 186254 was processed for the damaged Aquatic Millennium Tub and resulting damages, and Claim No. 186284 was processed for the remainder of the damaged items and resulting damages for "additional damages."

35.    On May 11, 2010, as a result of Colony's claim approval, Colony issued a check to the Wartenbergs for $18,019.59 for Claim No. 186254. This payment was made after subtracting out a single $5,000 deductible.

36.    On May 13, 2010, Mrs. Wartenberg informed Bryant Wilcox that the amount of $18,019.59 was short by $7,083.94.

37.    As a result, on May 18, 2011, Colony issued an additional check to the Wartenbergs for Claim No. 186254 for $7,083.94 "for the difference on the master tub claim."

38.    Between May 18, 2010, and May 19, 2010, as a result of Colony's claim approval, Colony issued six (6) checks to the Wartenbergs for Claim No. 186284 in the aggregate amount of $142,209.98. According to the checks, Claim No. 186254 related to damages to the kitchen, lids to the Kohler Sok Tub, "miscellaneous" damages, stairs and copper mosaic, Vantage lighting control pads, and door jambs. The payments were made after subtracting out a $5,000 deductible on each

check, resulting in an aggregate deductible amount of $30,000.

39.    On May 21, 2010, Mrs. Wartenberg informed Bryant Wilcox that the Aquatic Millennium Tub was covered because it did not fall within the "your work" exclusion because the Aquatic Millennium Tub was owned by the Wartenbergs.

40.    Colony began the process of obtaining a legal opinion regarding coverage under the Colony Policy on or around May 11, 2010.

41.    On June 4, 2010, Bryant Wilcox sent written confirmation that Colony had completed its legal review.  Bryant Wilcox acknowledged that Colony would provide coverage for the "JACUZZI CLAIM" but that a determination had not yet been made regarding the "PAINTING" claim.

42.    On June 4, 2010, as a result of the coverage review and legal opinion, Colony issued a payment in the amount of $17,203.45 for Claim No. 18254.

43.    On June 9, 2010, Bryant Wilcox informed Mrs. Wartenberg that Colony had completed its coverage review and that Claim No. 186284 had been approved by Colony as one occurrence, and that $25,000 in deductibles would be refunded.

44.    On June 9, 2010, Colony issued the Wartenbergs a check in the amount of $25,000 to reimburse them for deductibles withheld on Claim No. 186284.

45.    On June 21, 2010, the Wartenbergs contracted with J&J Air Duct Cleaning and Decontamination to repair and decontaminate the damaged HVAC system, which was part of damages approved and paid by Colony under "miscellaneous" on Claim No. 186284.

46.    On June 24, 2010, the Wartenbergs received an updated proposal from AJ Custom Finishes informing them that it would cost an additional amount of $15,000 to repair damages to the wood staircase at the Anthem Property.

47.    On June 25, 2010, J&J Air Duct Cleaning and Decontamination informed Mrs.

Wartenberg that the HVAC system could not be restored to its pre-damaged condition due to severe contamination and limited access.

48.     On June 28, 2010, Mrs. Wartenberg requested an additional $15,000 from Colony to cover the costs of repair to the wood staircase at the Anthem Property.

49.     On July 6, 2010, Colony issued a supplemental check to the Wartenbergs in the amount of $15,000 for Claim No. 18624 to repair the wood staircase at the Anthem Property.

50.     On August 24, 2010, Northern Mechanical inspected the HVAC system that it had installed and prepared a written report indicating that the HVAC system had been damaged beyond repair, and that the extended warranty was void.

51.     On August 26, 2010, J&J Air Duct Cleaning and Decontamination submitted a written report indicating that the HVAC system was highly contaminated.

52.     On or about September 15, 2010, Ivie Mechanical submitted a bid to Mrs. Wartenberg indicating that it would cost $227,550 to repair the damages to the HVAC system.  The proposal excluded certain resulting damages, including but not limited to, sheetrock repair, insulation, and paint.

53.     On October 1, 2010, Mrs. Wartenberg informed Bryant Wilcox that it would cost $227,550 to repair the damages to the HVAC system.  On that same day, Bryant Wilcox indicated that coverage would be provided for this repair.

54.     On October 5, 2010, Mrs. Wartenberg informed Bryant Wilcox that it been extremely challenging to have the copper water and "additional damages" repaired, and that she intended to hire a licensed general contractor to complete the repairs for the damaged items.

55.     On October 5, 2010, Bryant Wilcox informed Mrs. Wartenberg that Colony intended to hire an independent third-party to obtain an estimate of the cost to repair damages to the HVAC System.

56.     On January 26, 2011, Mrs. Wartenberg was informed by Rich Henderson, a claims adjuster for Colony, that Bryant Wilcox was no longer with Colony and that his branch office had closed.  Rich Henderson indicated that he would now be the contact person regarding the HVAC system claim.

57.     On May 2, 2011, representatives from Colony conducted an inspection of the HVAC system at the Anthem Property.  At that time, Mrs. Wartenberg told representatives of Colony that she had previously informed Bryant Wilcox that she was hiring a licensed general contractor to prepare a complete and separate cost proposal for repairs of non-HVAC system related damages. Mrs. Wartenberg informed the representatives at Colony that following the payment of claims, most of the damaged items had been deemed irreparable and needed to be replaced.   Due to the increased costs of repair, Mrs. Wartenberg would be seeking supplemental cost of repair payments from Colony under the previously approved claims.  Rich Henderson informed Mrs. Wartenberg that he would send a third-party company, Benchmark Consulting Services, LLC, to the Anthem Property to assess the complete cost of repairs.

58.     On June 7, 2011, Mrs. Wartenberg requested an update from Colony on the HVAC system claim and informed Rich Henderson that she had not heard from anyone at Colony regarding her claims since the inspection, despite the fact that Bryant Wilcox had previously approved the claim for the HVAC system.

59.     On August 17, 2011, Tom Tomeo of Benchmark Consulting Services, LLC, performed an inspection of the non-HVAC system related damages.  During the inspection, Mrs. Wartenberg provided Tom Tomeo with preliminary repair costs proposals, which at the time added up to $710,950.00, not including certain costs such as construction management fees.   Shortly thereafter, Tom Tomeo created a rough cost estimate spreadsheet and forwarded it to Rich Henderson of Colony.

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

60.     On September 16th, 20th, 22nd, and 26th of 2011 Mrs. Wartenberg wrote to Rich Henderson noting that she still had not heard from anyone at Colony regarding claims since the May 2, 2011, inspection.

61.     On September 27, 2011, RW Bugbee and Associates, Inc. provided the Wartenbergs with a proposal to repair all damaged items at the Anthem Property, excluding the HVAC system, for $986,831.03.

62.     On September 28, 2011, nearly five (5) months after the May 2, 2011, inspection, Rich Henderson informed the Wartenbergs that he was in receipt of documentation that Mrs. Wartenberg had provided to Tom Tomeo of Benchmark Consulting Services, LLC, "for a revised claim of approximately $710,950.00, which does not include the claim for the air conditioning equipment."

63.     On October 4, 2011, Mrs. Wartenberg informed Paul Hudgins of Colony that it was not acting in good-faith.

64.     On October 13, 2011, approximately two years after damages were first reported to Colony, Theodore J. Krutz of Selman Breitman wrote to Mrs. Wartenberg informing her that he had been retained to assist Colony in its claim investigation.

65.     On November 7, 2011, the Wartenbergs were provided a cost of repair report by Benchmark Consulting Services, LLC, the third-party company hired by Colony.

66.     On December 13, 2011, and December 20, 2011, Mrs. Wartenberg sent Colony two additional requests for payment of the claims.

67.     On December 20, 2011, the Wartenbergs were informed that Colony intended to file a Complaint for Declaratory Relief.

68.     At no time has Colony ever properly and/or timely reserved its rights under the Policy.

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

69.    The Wartenbergs repeat and reallege paragraphs 1 through 68 as though fully set forth herein.

70.    The Wartenbergs have duly performed all terms, covenants, and conditions required to be performed pursuant to the Policy.

71.    Colony has failed and refused to provide coverage and breached the terms of the Policy by failing to acknowledge that the Policy provides coverage for the claims asserted by the Wartenbergs.

72.    The Wartenbergs are informed and believe, and therefore allege, that Colony has further breached the terms of the Policy by filing a declaratory relief action seeking a determination that it has no duty to provide coverage for the amounts claims asserted by the Wartenbergs.

73.    As a direct and proximate result of Colony's breach of contract, the Wartenbergs have incurred damages in an amount in excess of $75,000.

74.    It has been necessary for the Wartenbergs to retain the services of an attorney to bring this action.  The Wartenbergs are entitled to recover their reasonable attorneys' fees and court costs incurred herein.

**SECOND CLAIM FOR RELIEF**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing-Contract Damages)**

75.    The Wartenbergs repeat and reallege paragraphs 1 through 74 as though fully set forth herein.

76.    The covenant of good faith and fair dealing is implied in every contract.

77.    The Wartenbergs have duly performed all terms, covenants, and conditions required to be performed pursuant to the Policy.

78.     The Wartenbergs are informed and believe, and therefore allege, that Colony breached the implied covenant of good faith and fair dealing implied under the Policy by refusing to provide coverage and pay for the claims asserted by the Wartenbergs.  Colony has further breached the implied covenant of good faith and fair dealing by arbitrarily denying coverage after paying claims without making a reservation of rights, by failing to adequately communicate with the Wartenbergs, by failing to adopt or implement reasonable standards for the prompt investigation and processing of claims, and by failing to timely make coverage determinations.

79.     As a direct and proximate result of Colony's breach of the implied covenant of good faith and fair dealing, the Wartenbergs have incurred damages in an amount in excess of $75,000.

80.     It has been necessary for the Wartenbergs to retain the services of an attorney to bring this action.  The Wartenbergs are entitled to recover their reasonable attorneys' fees and court costs incurred herein.

### THIRD CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing – Tort Damages)

81.     The Wartenbergs repeat and reallege paragraphs 1 through 80 as though fully set forth herein.

82.     The relationship between the Wartenbergs and Colony was one of special confidence.  The duty owed by Colony to the Wartenbergs, who had the right to place their trust and confidence in the integrity and fidelity of Colony, was fiduciary in nature.

83.     The Wartenbergs are informed and believe, and therefore allege that Colony tortiously violated the implied covenant of good faith and fair dealing and disregarded the Wartenbergs rights because, with no reasonable basis, Colony has refused to provide coverage.

84.     The Wartenbergs are further informed and believe, and therefore allege, that Colony tortiously violated the implied covenant of good faith and fair dealing and disregarded the

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

Wartenbergs rights by misrepresenting coverage determinations under the Policy. Colony knew or should have known, or recklessly disregarded, the fact that it has a duty to provide coverage, and that seeking declaratory relief has prejudiced the Wartenbergs.

85.    Colony has acted willfully, wantonly, and with oppression, fraud, or malice, express or implied, by refusing to provide coverage, by misrepresenting coverage under the Policy, by making contradictory coverage determinations, by denying coverage after approving coverage and paying claims without making a reservation of rights, by failing to adequately communicate with the Wartenbergs, by failing to adopt or implement reasonable standards for the prompt investigation and processing of claims, and by failing to timely make coverage determinations.

86.    As a direct and proximate result of tortious breaches of the implied covenant by Colony, the Wartenbergs are entitled to compensatory damages in an amount in excess of $75,000.

87.    As a direct and proximate result of tortious breach of the implied covenant by Colony, the Wartenbergs are entitled to punitive damages.

88.    It has been necessary for the Wartenbergs to retain the services of an attorney to bring this action. The Wartenbergs are entitled to recover their reasonable attorneys" fees and court costs incurred herein.

**FOURTH CLAIM FOR RELIEF**

**(Violation of NRS 686A.310 – Compensatory and Punitive Damages)**

89.    The Wartenbergs repeat and reallege paragraphs 1 through 88 as though fully set forth herein.

90.    The Wartenbergs are informed and believe, and therefore allege, that Colony violated NRS 686A.310(l)(a) and engaged in an unfair claim practice by misrepresenting its coverage position, by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy, by failing to adopt and implement reasonable standards for the

prompt investigation of and processing of claims, and by failing to affirm or deny coverage of claims within a reasonable time period of being provided with proof of loss.

91.     At no point prior to filing this action has Colony properly applied the terms of the Policy to the claims asserted by the Wartenbergs.

92.     Colony has acted willfully, wantonly, and with oppression, fraud, or malice, express or implied, by misrepresenting its coverage position, by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy, by failing to adopt and implement reasonable standards for the prompt investigation of and processing of claims, and by failing to affirm or deny coverage of claims within a reasonable time period of being provided with proof of loss.

93.     As a direct and proximate result of Colony's violation of NRS 686A.310, the Wartenbergs are entitled to compensatory damages in an amount in excess of $75,000.

94.     As a direct and proximate result of Colony's violation of NRS 686A.310, the Wartenbergs are entitled to punitive damages.

95.     It has been necessary for the Wartenbergs to retain the services of an attorney to bring this action.  The Wartenbergs are entitled to recover their reasonable attorneys' fees and court costs incurred herein.

**FIFTH CLAIM FOR RELIEF**

**(Declaratory Relief)**

96.     The Wartenbergs repeat and reallege paragraphs 1 through 95 as though fully set forth herein.

97.     The Wartenbergs seek declaratory relief against Colony pursuant to 28 U.S.C. § 2201 for an order declaring that: (1) Colony waived its right to assert there is no coverage under the Policy because it did not make a proper and/or timely reservation of rights; (2) Colony is estopped

…

from denying coverage because the Defendants have detrimentally relied on Colony's representations that the claims would be covered; (3) the claims asserted by the Wartenbergs are covered under the Policy, and that the policy language and exclusions contained therein do not prevent coverage of such claims; and (4) the Wartenbergs are entitled to reimbursement from Colony for attorneys' fees and costs incurred in the prosecution of this action.

98.    It has been necessary for the Wartenbergs to retain the services of an attorney to bring this action.  The Wartenbergs are entitled to recover their reasonable attorneys' fees and court costs incurred herein.

WHEREFORE, the Wartenbergs demand that judgment be entered on their Counterclaim as follows:

1.    That this Court enter judgment against Colony on one or more causes of action in an amount to be proved at trial, plus interest accruing at the maximum legal rate until paid in full;

2.    For compensatory, consequential, punitive damages, and special damages for the Wartenbergs' attorney fees and costs to defend this case;

3.    That this Court order declaratory relief in favor of the Wartenbergs and against Colony;

4.    For reasonable attorneys' fees;

5.    For costs of suit; and

. . .

. . .

. . .

. . .

. . .

. . .

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

6.    For such other and further relief, including equitable relief, as the Court may deem just and proper.

DATED this 21st day of February, 2012.

JONES VARGAS

By: /s/ Kevin R. Stolworthy
Kevin R. Stolworthy, Esq.
Nevada Bar #2798
Conor P. Flynn, Esq.
Nevada Bar No. 11569
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
krs@jonesvargas.com
cflynn@jonesvargas.com
*Attorneys for Defendant/*
*Counterclaimant*

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300    Fax: (702) 737-7705

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2012, the foregoing DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIM was served on the party(ies) Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures ☒ via electronic service or ☐ by mailing a copy thereof, first class mail, postage prepaid, to:

> Theodore J. Kurtz, Esq.
> Selman Breitman LLP
> 3980 Howard Hughes Pkwy., Ste. 400
> Las Vegas, NV 89169
> Tel: 702-228-7717
> Fax: 702-228-8824
> tkurtz@selmanbreitman.com

/s/ Barbara Seed
An employee of JONES VARGAS

31794142.doc